

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00334-CR
No. 07-17-00335-CR

_____

**JEREMY LYNN FIGUEREDO, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1256H (Counts I & II);
Honorable Richard Dambold, Senior Judge Presiding by Assignment

January 9, 2019

## ORDER FOR SUPPLEMENTAL BRIEFING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a bench trial, Appellant, Jeremy Lynn Figueredo, was convicted of two counts of the third-degree felony offense of bail jumping in Cause Number 1256H.[1] The court assessed Appellant's punishment at three years confinement in the Institutional

---

[1] TEX. PENAL CODE ANN. § 38.10 (West 2016).

Division of the Texas Department of Criminal Justice, with each sentence to be served concurrently with the other and with Appellant's conviction in Cause Number 1232H, from the 69th District Court of Hartley County, Texas.[2]  In our review of these cases, a significant unbriefed potential issue has arisen concerning whether the failure to appear at a singular time and place, to answer to one indictment (albeit with multiple counts), constitutes more than one offense of bail jumping.

Because this question is of paramount importance to the just and right disposition of this matter and because the court desires to have the input of the parties in resolving this unassigned issue, the court hereby orders Appellant to consider this issue and to file a supplemental brief within thirty days of the date of this order, addressing any questions raised by this issue only.  Upon the filing of Appellant's supplemental brief, the State shall have thirty days to file a responsive brief.  In their discussion of any identified issue, the parties shall address whether the issue requires preservation under Rule 33.1 of the Texas Rules of Appellate Procedure and, if so, whether the issue was preserved for review.  Each party may also avail itself of any applicable Rule of Appellate Procedure, as needed.

It is so ORDERED.

Per Curiam

Do not publish.

---

[2] Appellant's conviction in Cause Number 1232H, for the offense of evading arrest with a motor vehicle, was affirmed by this court in *Figueredo v. State,* No. 07-17-00197-CR, 2019 Tex. App. LEXIS 37 (Tex. App.—Amarillo Jan. 4, 2019, no pet. h.) (mem. op.) (not designated for publication).